Mateo Austreberto SALAZAR–FUENTES, a.k.a. Mateo Austreberto Salazar, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 07–73010.

United States Court of Appeals, Ninth Circuit.

Submitted June 26, 2012.*

Filed July 5, 2012.

Philippe Dwelshauvers, Fresno, CA, for Petitioner.

OIL, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

MEMORANDUM **

Mateo Austreberto Salazar–Fuentes, a native and citizen of Mexico, petitions for review of the Board of Immigration Ap-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

peals' ("BIA") order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand for further proceedings.

In concluding that Salazar–Fuentes's conviction under California Vehicle Code § 10851(a) was an aggravated felony theft offense, the BIA did not have the benefit of our decisions in *United States v. Vidal,* 504 F.3d 1072 (9th Cir.2007) (en banc), and *Penuliar v. Mukasey,* 528 F.3d 603 (9th Cir.2008). We therefore remand to the BIA to reevaluate Salazar–Fuentes's removability in light of these intervening decisions.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and except as provided by 9th Cir. R. 36–3.